**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:16-cv-914 |
| ) | |
| v. ) | |
| ) | |
| **ENBRIDGE ENERGY, LIMITED** ) | Judge Gordon J. Quist |
| **PARTNERSHIP, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF AGREED EXTENSION OF DEADLINE
FOR EXCAVATION AND REPAIR OR MITIGATION
OF SELECT FEATURES ON LINE 61**

In accordance with Paragraph 201 of the Consent Decree previously entered by the Court in this action Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), and defendants, Enbridge Energy, Limited Partnership, Enbridge Pipelines (Lakehead) L.L.C., Enbridge Energy Partners, L.P., Enbridge Energy Management, L.L.C., Enbridge Energy Company, Inc., Enbridge Employee Services, Inc., Enbridge Operational Services, Inc., Enbridge Pipelines, Inc., and Enbridge Employee Services Canada, Inc. (collectively referred to herein as "Enbridge") hereby notify the Court of an agreed-upon modification of a deadline under the Consent Decree for excavation and repair or mitigation of four features on Enbridge's Lakehead System Line 61, as described below.  Under Paragraph 201 of the Consent Decree, the agreed-upon deadline extension is not subject to approval by the Court, so no action is required by this Notice.

1. The United States, on behalf of the EPA and the United States Coast Guard, filed a complaint in this matter on July 20, 2016, asserting claims against Enbridge under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*, arising from two 2010 oil transmission pipeline failures that resulted in discharges of oil into waters of the United States.

2. On May 23, 2017, this Court approved and entered a Consent Decree resolving claims that the United States asserted against Enbridge in this action.

3. The Consent Decree establishes numerous requirements applicable to fourteen separate oil transmission pipelines in the United States owned and operated by Enbridge known as the "Lakehead System."

4. The Consent Decree includes requirements for the excavation and repair or mitigation of specified features on Lakehead System pipelines that meet various dig selection criteria established in Tables 1 – 5 of the Consent Decree.

5. Several dig selection criteria established in the Consent Decree, including certain dig selection criteria in Table 2 of the Consent Decree (Criteria and Timelines Governing Excavation and Repair of Corrosion Features), depend in part on the Established Maximum Operating Pressure at the location of individual features being evaluated.

6. Paragraph 10.s of the Consent Decree defines "Established Maximum Operating Pressure" or "Established MOP" or "MOP" by reference to operating pressures for specific locations on Enbridge's Lakehead System pipelines, as listed in a spreadsheet located at https://www.epa.gov/enbridge-spill-michigan/enbridge-revised-maximum-operating-pressure-values.

7. In 2015, Enbridge began an MOP Verification Project to verify the accuracy of information used in determining the MOP values previously established by the company, including the MOP values incorporated into the Consent Decree through Paragraph 10.s of the Consent Decree.

8. As a result of its MOP Validation Project, in 2019, Enbridge determined that a number of MOP values on Line 61 were based on erroneous information regarding pipe wall thickness at particular locations on that pipeline.

9. If revised information concerning pipe wall thickness is taken into account, MOP values at numerous locations on Line 61 would be lower than the values established pursuant to Paragraph 10.s of the Consent Decree.

10. The parties are currently reviewing a proposed Fifth Modification of Consent Decree that would include provisions to revise MOP values applicable to Line 61, so that the values reflect information based on the revised pipe wall thickness.

11. The proposed Fifth Modification of Consent Decree by its terms would be subject to a 30-day public comment period.

12. As a result of an In-Line Inspection of Line 61 to identify corrosion and other metal loss features on that pipeline, Enbridge identified various corrosion features that meet dig selection criteria under Table 2 (Criteria and Timelines Governing Excavation and Repair of Corrosion Features) based on the fact that the Predicted Burst Pressures of the features are less than 1.39 times the Established MOP applicable to the location of such features.

13. Four identified corrosion features on Line 61 are subject to requirements for excavation and repair or mitigation on or before April 4, 2020, because the Predicted Burst Pressure of each of the features is less than 1.39 times the applicable MOP value established

pursuant to Paragraph 10.s of the Consent Decree. These features are identified in the following table.

| Girth Weld | ROW Mile Post | Feature ID |
|---|---|---|
| 73610 | 71.8478 | 10954 |
| 73610 | 71.8478 | 10955 |
| 90360 | 89.9172 | 13252 |
| 250590 | 254.9067 | 36675 |

14. The Predicted Burst Pressure of each of the four corrosion features identified in the above table would not meet dig selection criteria under the Consent Decree if MOP values were revised to reflect revised pipe wall thickness values, consistent with terms of the proposed Fifth Modification of Consent Decree currently under consideration by the parties.

15. The parties agree that it is appropriate to extend the deadline for excavation and repair or mitigation of the four corrosion features identified in the above table, in order to allow time for (1) the parties to complete and approve a proposed Fifth Modification of Consent Decree, (2) the United States to consider and respond to any public comments on the proposed Fifth Modification of Consent Decree, and (3) the Court to consider any motion to approve the proposed Fifth Modification of Consent Decree.

16  The United States and Enbridge hereby notify the Court that they have agreed to extend the deadline for excavation and repair or mitigation of the Four Features from April 4, 2020 to and including November 4, 2020. The agreed-upon deadline extension will allow the Parties to complete discussions regarding a broader material modification to the Consent Decree

that would include modification of MOP values for Line 61. If the proposed Fifth Modification of Consent Decree currently under consideration by the parties is ultimately approved by the Court, the four corrosion features identified in the table above would no longer meet any applicable dig selection criteria, and those features would no longer be subject to requirements for excavation and repair or mitigation.

17. Under Paragraph 201 of the Consent Decree, the agreed-upon deadline extension does not constitute a material modification that requires approval by the Court. Thus, no separate action by the Court is required to effectuate the modification described herein.

The undersigned party enters into and agrees to be bound by this Notice of Agreed Extension of Deadline for Excavation and Repair or Mitigation of Select Features on Line 61 in *United States v. Enbridge Energy, Limited Partnership, et al.,* 1:16-cv-914 (W.D. MI).

FOR PLAINTIFF UNITED STATES OF AMERICA

KAREN DWORKIN
Deputy Section Chief
Environmental Enforcement Section

*s/ STEVEN J. WILLEY* (Ohio 002536)

STEVEN J. WILLEY
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20530
Tel. (202) 514-2807
Fax (202) 616-6584

The undersigned party enters into and agrees to be bound by this Notice of Agreed Extension of Deadline for Excavation and Repair or Mitigation of Select Features on Line 61 in *United States v. Enbridge Energy, Limited Partnership, et al.,* 1:16-cv-914 (W.D. MI).

ANDREW J. BIRGE
United States Attorney
Western District of Michigan


RYAN COBB
Assistant United States Attorney
330 Ionia Avenue, N.W.
Suite 501
Grand Rapids, MI 49503
Tel. (616) 456-2404

The undersigned party enters into and agrees to be bound by this Notice of Agreed Extension of Deadline for Excavation and Repair or Mitigation of Select Features on Line 61 in *United States v. Enbridge Energy, Limited Partnership, et al.,* 1:16-cv-914 (W.D. MI).

    FOR THE UNITED STATES OF AMERICA (CONTINUED)

*T. Leverett Nelson*      3/27/2020
T. LEVERETT NELSON
Regional Counsel
U.S. EPA, Region 5
Chicago, Illinois

The undersigned party enters into and agrees to be bound by this Notice of Agreed Extension of Deadline for Excavation and Repair or Mitigation of Select Features on Line 61 in *United States v. Enbridge Energy, Limited Partnership, et al.*, 1:16-cv-914 (W.D. MI).

FOR THE UNITED STATES OF AMERICA (CONTINUED)

_____
MARK POLLINS
Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

The undersigned party enters into and agrees to be bound by this Notice of Agreed Extension of Deadline for Excavation and Repair or Mitigation of Select Features on Line 61 in *United States v. Enbridge Energy, Limited Partnership, et al.*, 1:16-cv-914 (W.D. MI).

FOR DEFENDANTS:

ENBRIDGE ENERGY, LIMITED PARTNERSHIP,
ENBRIDGE PIPELINES (LAKEHEAD) L.L.C.,
ENBRIDGE ENERGY PARTNERS, L.P.,
ENBRIDGE ENERGY MANAGEMENT, L.L.C.,
ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE EMPLOYEE SERVICES, INC.

BRADLEY F. SHAMLA, Vice President, U.S. Operations

The undersigned party enters into and agrees to be bound by this Notice of Agreed Extension of Deadline for Excavation and Repair or Mitigation of Select Features on Line 61 in *United States v. Enbridge Energy, Limited Partnership, et al.,* 1:16-cv-914 (W.D. MI).

    FOR DEFENDANTS:

        ENBRIDGE OPERATIONAL SERVICES, INC.,
        ENBRIDGE PIPELINES INC., and
        ENBRIDGE EMPLOYEE SERVICES CANADA INC.

*/s/ Vern Yu*

_____
VERN YU, President