IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP,<br>ENBRIDGE PIPELINES (LAKEHEAD) L.L.C.,<br>ENBRIDGE ENERGY PARTNERS, L.P.,<br>ENBRIDGE ENERGY MANAGEMENT, L.L.C.,<br>ENBRIDGE ENERGY COMPANY, INC.,<br>ENBRIDGE EMPLOYEE SERVICES, INC.,<br>ENBRIDGE OPERATIONAL SERVICES, INC.,<br>ENBRIDGE PIPELINES INC., and<br>ENBRIDGE EMPLOYEE SERVICES CANADA INC.,<br><br>Defendants. | Civil Action No. 1:16-cv-914<br><br>Judge Robert J. Jonker |

**JOINT STIPULATION REGARDING PHASE 1 FINAL TERMINATION**

In accordance with Paragraph 205.a.(4)(a) of the Consent Decree as modified by the Eighth Modification of Consent Decree entered by this Court on December 26, 2024 (ECF No. 45, PageID.3320 and 3372), Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), and Defendants, Enbridge Energy Limited Partnership, Enbridge Pipeline (Lakehead), L.L.C., Enbridge Energy Partners, L.P., Enbridge Energy Management, L.L.C., Enbridge Energy Company, Inc., Enbridge Employee Services, Inc., Enbridge Operational Services, Inc., Enbridge Pipelines Inc., and Enbridge Employee Services Canada Inc. (hereinafter collectively referred to as the "Enbridge Defendants") enter into this Joint Stipulation to terminate all remaining obligations under the Consent Decree,

except as provided in Paragraph 206 of the Consent Decree and except for the Line 4 Direct Assessment Program (defined at PageID.3327-3328) and the Circumferential Crack Look-back Assessment Program (defined at PageID.3324) of the Eighth Modification of Consent Decree.[1] Relevant background information and the specific terms of the parties' agreement are set forth below. In accordance with Paragraph 205.a.(4)(a) of the Consent Decree (*id.* at PageID.3372-3373), this Joint Stipulation is effective upon its filing with the Court, without the need for any action by the Court.

1. In accordance with Paragraph 205.a. of the Consent Decree (*id.* at PageID.3368-3373), the Enbridge Defendants submitted a request for Phase 1 Final Termination as part of its Phase 1 Final Termination Report on December 6, 2024. Enbridge subsequently submitted a Phase 1 Final Termination Interim Update Report on December 13, 2024 and a Supplemental Phase 1 Final Termination Report on March 6, 2025. Copies of these submissions (with redactions of information designated by Enbridge as Confidential Business Information) are attached as Exhibits 1-3.

2. Enbridge has not submitted any reports pursuant to Paragraph 205.a.(3) of the Consent Decree (*id.* at PageID.3371) identifying any instances since February 28, 2025—the last day covered by the Supplemental Phase 1 Final Termination Report—in which Enbridge did not implement or fully comply with one or more obligations subject to Phase 1 Final Termination.

---

[1] The Court approved and entered a Consent Decree resolving claims asserted by the United States in this action on May 23, 2017 (ECF No. 14, PageID.1565). Since then, certain deadlines and other provisions of the Consent Decree have been modified by agreement of the parties, including five material modifications that were subject to approval by the Court. See ECF No. 15 PageID.1789-1796; ECF No.16 PageID.1797-1804; ECF No. 19 PageID.1846-1852; ECF No. 21 PageID.1934-1955; ECF No. 22 PageID.1956-1965; ECF No. 28 PageID.2102-2132; and ECF 32 PageID.2215-2242; ECF No. 40, PageID.2427-2459; and ECF No. 45, PageID.3320-3440.

Enbridge represents that it has not identified any noncompliance with such obligations since February 28, 2025.

3. The United States reviewed Enbridge's request for Phase 1 Final Termination and each of the reports referenced in Paragraph 1, above. Based on the United States' review of that information, the United States agrees that Enbridge has satisfied the criteria for Phase 1 Final Termination, as discussed in more detail below.

4. First, as required under Paragraph 205.a.(2)(f) of the Consent Decree (*id.* at PageID.3371), the Phase 1 Final Termination Report documented that Enbridge has fully and timely implemented certain requirements relating to Circumferential Crack features set forth in Paragraph 205.a(1) of the Consent Decree (*id.* at PageID.3368-3369).[2] Specifically, such documentation showed that Enbridge (i) modified its manual of written procedures to incorporate the requirements of the ILI-Based Spill Prevention Program that relate to the investigation, assessment, and (if required) repair and mitigation of Circumferential Crack features in certain Lakehead System Pipelines,[3] (ii) retained an individual who meets the requirements for conducting an audit of the Circumferential Crack Look-back Assessment, and (iii) prepared and executed a written agreement that meets the requirements for retaining such an individual. *See* Exhibit 1, Phase 1 Final Termination Report, p. 27 and Appendices A-C.

---

[2] Circumferential Crack feature is a defined term under the Consent Decree and means a crack that is predominantly oriented in the direction of the pipeline's circumference as opposed to the pipeline's axis. *See* Paragraph e-supp 1 of the Eighth Modification of the Consent Decree (ECF No. 45, PageID.3324).

[3] To satisfy this requirement, Enbridge revised its Comprehensive Assessment Process document to incorporate both Appendix J ("Direct Assessment Program of Circumferential Cracks in Dual-Seam Joints in Line 4") and Appendix K ("Work Instruction: ILI-based Circumferential Crack Integrity Management Program") of the Consent Decree as modified by the Eighth Modification of the Consent Decree (ECF 45, PageID.3400 and 3408). In addition, Enbridge added both of these Appendices to its electronic Operating and Maintenance Manual, which is the manual maintained by Enbridge in accordance with 49 C.F.R. § 195.402.

5. Second, as provided in Paragraph 205.a.(2)(a) and (c) of the Consent Decree, (ECF No. 45, PageID.3369-3370), the Phase 1 Final Termination Report documented that Enbridge paid all civil penalties assessed pursuant to Section V of the Consent Decree, as well as made payment of recoverable removal costs and damages. *See* Exhibit 1, Phase 1 Final Termination Report, p. 5.

6. Third, as provided in Paragraph 205.a.(2)(b) of the Consent Decree (ECF No. 45, PageID.3370), the Phase 1 Final Termination Report documented that Enbridge paid all stipulated penalties that had been demanded by the United States through the date of submission of the Phase 1 Final Termination Report. *See* Exhibit 1, Phase 1 Final Termination Report, p. 5. There are currently no unresolved demands for stipulated penalties for alleged violations of the Consent Decree.

7. Fourth, as provided in Paragraph 205.a(2)(d) of the Consent Decree (ECF No. 45, PageID.3370), the Phase 1 Final Termination Report documented that Enbridge has implemented all requirements of the Consent Decree that survived partial termination of the Consent Decree other than those requirements relating to Circumferential Crack features that are reserved for Phase 2 final termination ("Non-CC Requirements") and that Enbridge has maintained substantial compliance with such obligations since at least December 6, 2023 (12 months prior to the date of submission of the Request for Phase 1 Final Termination).[4] *See* Exhibit 1, Phase 1 Final Termination Report, pp. 4-26. Further, with respect to ongoing Non-CC Requirements, the Supplemental Phase 1 Final Termination Report documented that Enbridge remained in

[4] Partial termination occurred on July 28, 2023 when the parties filed a joint stipulation regarding partial termination (ECF No. 41, PageID.2461) in accordance with Paragraph 204.d(1) of the Consent Decree as modified by the Seventh Modification of the Consent Decree (ECF No. 40, PageID.2427 and 2447-2448).

compliance with such obligations through February 28, 2025, and Enbridge certified that such obligations shall continue to be implemented in compliance with the Consent Decree until Phase 1 Final Termination is effective. *See* Exhibit 3, Supplemental Phase 1 Final Termination Report, p. 5.

8. Fifth, as provided in Paragraph 205.a(2)(g) of the Consent Decree (ECF No. 45, PageID.3371), the Phase 1 Final Termination Report documented that there are currently no unresolved assertions of Force Majeure under Section XII of the Consent Decree with respect to matters that are subject to Phase 1 Final Termination and no unresolved Dispute Resolution proceedings under Section XIII of the Consent Decree with respect to matters that are subject to Phase 1 Final Termination. *See* Exhibit 1, Phase 1 Final Termination Report, p. 28.

9. Finally, the United States and the Enbridge Defendants agree that the Independent Third Party's verification obligations hereby terminate and that the three-year proscription on the provisions of services to Enbridge under Paragraph 127.d of the Consent Decree (ECF No. 14, PageID.1694) hereby commences to run.

10. For the reasons set forth above, the United States and the Enbridge Defendants agree that the criteria for Phase 1 Final Termination of Consent Decree have been satisfied, and the parties hereby stipulate that obligations subject to Phase 1 Final Termination are hereby terminated. Nothing in this Joint Stipulation shall be construed to affect any Consent Decree obligations that are excluded from Phase 1 Final Termination under Paragraph 205 of the Consent Decree, ECF 45, PageID.3368-3376.

THE UNDERSIGNED PARTY enters into this Joint Stipulation Regarding Phase 1 Final Termination in *United States v. Enbridge Energy, Limited Partnership, et al.*, Civil Action No. 1:16-cv-914 (W.D. MI)

For Plaintiff United States of America

Adam R.F. Gustafson
Acting Assistant Attorney General
Environment and Natural Resources Division

_s/ Joseph Warren_______________
Joseph W.C. Warren
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
150 M Street, NE
Washington, D.C. 20002
202-616-1303
Joseph.Warren@usdoj.gov

For the Enbridge Defendants

s/Jessica I. Rothschild
Joshua Runyan
Jessica I. Rothschild
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-3000
jrunyan@steptoe.com
jrothschild@steptoe.com
*Attorneys for the Enbridge Defendants*

IT IS SO ORDERED.

Dated: April 17, 2025

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE